UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL A. MONTGOMERY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:04CV392 JCH |
| ) | |
| RON SCHMITZ, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Michael A. Montgomery's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

By way of background, on June 26, 2001, Petitioner pled guilty in the Circuit Court of St. Louis County, Missouri, to one count of Forgery. (Resp. Exh. A, P. A6). Petitioner was sentenced to a term of imprisonment of three years. (Id., P. A3). That same day, Petitioner's probation was revoked, and Petitioner was sentenced to two concurrent terms of seven years imprisonment on his previous convictions for Second Degree Burglary and Stealing over $750. (Id., PP. A30-31).

On May 19, 2003, the Missouri Circuit Court entered the following Order in Cause Number 00CR-4592[1]: "THE COURT HAVING REVIEWED THE FILE, TRANSCRIPT AND HAVING HEARD ARGUMENTS OF COUNSEL FINDS THAT IT WAS COUNSEL FOR THE STATE, DEFENDANT AND DEFENDANT'S INTENT THAT THE SENTENCE OF THREE YEARS IMPOSED IN THIS CAUSE IS CONSECUTIVE TO 98CR-4256[2]." (Resp. Exh. A, P. A2). On

---

[1] Cause Number 00CR-4592 was the case in which Petitioner pled guilty to the charged crime of Forgery.

[2] Cause Number 98CR-4256 was the case in which Petitioner pled guilty to Second Degree Burglary and Stealing over $750.

August 28, 2003, Petitioner appealed the May 19, 2003, opinion to the Missouri Court of Appeals. (Resp. Exh. B). In an Order entered December 16, 2003, the Missouri Court of Appeals denied Petitioner's appeal. (Resp. Exh. D).

In the instant petition for writ of habeas corpus, filed March 31, 2004, Petitioner raises the following four grounds for relief: (1) Petitioner's guilty plea was unlawful, because it was entered involuntarily and unknowingly; (2) Petitioner's conviction was obtained through a violation of the prohibition against double jeopardy; (3) Petitioner received ineffective assistance of counsel; and (4) Petitioner was denied his right of appeal. As the Court construes Petitioner's petition, his claims all turn on the same alleged error, i.e., that in entering its May 19, 2003, opinion, the Missouri Circuit Court unlawfully transformed his sentence from three years, with a consecutive seven years imprisonment, to seven years, with a consecutive three years imprisonment.[3]

On January 5, 2005, Petitioner filed additional exhibits with this Court. (Doc. No. 24). Petitioner's Exhibit K is an Appeal Response from the Assistant Director of the Division of Adult Institutions, dated August 23, 2004, and stating as follows:

> I am in receipt of your appeal dated November 26, 2003, regarding your complaint that the records officer has not recorded your sentence structure correctly.
>
> Your complaint and pertinent information have been reviewed and I am in concurrence that your two 7-year sentences (Cause No. 98CR-004256, Sequence 7 and 8) are concurrent to each other and are to be served consecutive to your 3 year sentence (Cause No. 00CR-004592). Via this response, I am directing that the information in this grievance be sent to the [Boonville Correctional Center] Records Officer and this be corrected. Once corrected, the Records Officer will forward you a corrected copy of your face sheet.

(Petitioner's Exh. K). Petitioner's face sheet was corrected, on September 2, 2004. (Petitioner's Exh. L). On October 25, 2004, Petitioner received notice that he was scheduled for a parole hearing

---

[3] According to Petitioner, the change was material, because it affected his parole eligibility.

- 2 -

on December 14, 2004. (Petitioner's Exh. N). Finally, on December 20, 2004, Petitioner received notice that he was scheduled for release from confinement in January, 2005. (Petitioner's Exh. O).

Upon review of the foregoing, the Court finds Petitioner has received all the relief requested in the instant petition for writ of habeas corpus. In other words, not only was his sentence structure corrected, resulting in an earlier parole eligibility, but he then was scheduled for a parole hearing, and eventually released from confinement. In view of these events, the Court finds the instant petition for writ of habeas corpus is moot.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Michael A. Montgomery's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED** as moot. An appropriate Order of Dismissal will accompany this Memorandum and Order.


Dated this 11th day of July, 2006.


                /s/ Jean C. Hamilton
                UNITED STATES DISTRICT JUDGE